LAW OFFICES OF JOHN R. FIELDING, JR.
State Bar No. 108303
402 W. Broadway, Suite 1700
San Diego, CA 92101
Telephone: (619) 233-0467
Facsimile: (619) 233-0475

Attorney for Defendant, DUBIN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(Honorable Marilyn L. Huff)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO: 08CR1200-H |
| Plaintiff, | ) ) | **MEMORANDUM OF POINTS AND** |
| v. | ) ) | **AUTHORITIES IN SUPPORT OF** |
| MICHAEL DUBIN, | ) ) | **1) COMPEL DISCOVERY;** |
| | ) ) | **2) LEAVE TO FILE FURTHER** |
| Defendant. | ) ) ) | **MOTIONS** Date: May 27, 2008 Time: 2:00 P.M. |

TO: THE UNITED STATES ATTORNEY:

**TOPICAL INDEX**

TABLE OF AUTHORITIES..........................................................................................i - iv

STATEMENT OF CASE...................................................................................................1

MOTION TO COMPEL DISCOVERY.............................................................................1

DEFENDANT IS ENTITLED TO DISCOVERY OF HIS STATEMENTS.....................1

DEFENDANT IS ENTITLED TO DISCLOSURE OF ANY PRIOR

CONVICTIONS OR PRIOR SIMILAR ACTS.................................................................2

///

///

DEFENDANT IS ENTITLED TO EXAMINE ANY DOCUMENTS, TANGIBLE ITEMS, AND THE LIKE WHICH ARE IN THE POSSESSION, CUSTODY, OR CONTROL OF THE GOVERNMENT..................................................3

DUE PROCESS EXCULPATORY INFORMATION........................................................4

DEFENDANT REQUESTS ALL STATEMENTS MADE BY ANY INDICTED OR UNINDICTED CO-CONSPIRATORS OR CO-DEFENDANTS..........11

REQUEST FOR EXPERT WITNESS INFORMATION...................................................13

DEFENDANT IS ENTITLED TO GOVERNMENT DISCLOSURE OF THE EVIDENCE IT INTENDS TO USE AGAINST HIM AT TRIAL......................14

LEAVE TO FILE FURTHER MOTIONS.............................................................24

**TABLE OF AUTHORITIES**

Brady v. Maryland, 373 U.S. 83 (1963).........................................................1, 3-4, 6-9, 13, 18

United States v. Johnson, 525 F.2d 999 (2d Cir. 1975)..................................................2

Loux v. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982)........................................2

United States v. Cook, 609 F.2d 1174 (9th Cir. 1985)....................................................3

Giglio v. United States, 405 U.S. 150 (1972)........................................................4, 9-10, 23-24

Jencks v. United States, 353 U. S. 657 (1957).......................................................6, 7

U.S. Code Cong. & Admin. News, 1957, pp. 1861, 1862........................................................6

Goldberg v. United States, 425 U.S. 94, 104 (1976)..............................................................6, 8

United States v. Spagnuolo, 515 F.2d 818, 821 (9th Cir. 1975)..............................................6

United States v. Marshak, 364 F. Supp. 1005, 1007, 1008, (S.D.N.Y. 1973).........................7

United States v. Cadet, 727 F.2d 1453, 1469(9th Cir. 1984)..................................................9

Wilson v. Rose, 366 F.2d, 611 (9th Cir. 1966)..........................................................9

Davis v. Alaska, 415 U.S. 308 (1974)............................................................10

United States v. Weiner, 578 F.2d 757, 768 (9th Cir.) cert. denied, 439 U.S. 981 (1978)...11

United States v. Bibbero, 749 F.2d 581 (9th Cir. 1984).........................................12

United States v. Fielding, 630 F.2d 1357, 1365 (9th Cir. 1980)…….........................12

United States v. Castillo, 615 F.2d 878, 882, 883(9th Cir. 1980).........................................12

United States v. Moore, 522 F.2d 1068, 1075-1077 (9th Cir. 1975), cert. denied, 423 U.S. 1049 (1976)..................................................................................................................................12

United States v. Thevis, 84 F.R.D. 47, 50 (N.D. Ga. 1979)..................................................12

United States v. Turkish, 48 P.F. Supp. 874, 882 (S.D.N.Y.) 1978......................................12

United States v. Feinberg, 502 F.2d 1180, 1181 (7th Cir. 1974), cert. denied 420 U.S. 926 (1975)......................................................................................................................................13

United States v. Brighton Building & Maintenance Company, 435 U.S. 222 (N.D. Ill. 1977)........................................................................................................................................13

Bruton v. United States, 391 U.S. 123 (1968)..................................................................13, 15

Miranda v. Arizona, 382, 436 (1956)........................................................................................15

Edwards v. Arizona, 451 U.S. 477 (1980)................................................................................15

United States v. Belle, 593 F.2d 487, 493 (9th Cir. 1979).......................................................15

## STATUTES

Federal Rules of Criminal Procedure
Evidence 16(a)(1)(A)..........................................................................................................1, 12-13

Federal Rules of Criminal Procedure
Evidence 16(a)(1)(B)....................................................................................................................2

Federal Rules of Criminal Procedure
Evidence 404(B)...........................................................................................................................2

Federal Rules of Criminal Procedure
Evidence 16(a)(1)(C)....................................................................................................................3

18 U.S.C. Section 3500, Jencks Act.................................................................5-9, 12-13, 16-18

Federal Rules of Criminal Procedure
Evidence 16(a)(2)..........................................................................................................................5

Federal Rules of Criminal Procedure
Evidence 16(b)(2)..........................................................................................................................7

Federal Rules of Criminal Procedure
Evidence 608(b)....................................................................................................................10, 23

Federal Rules of Criminal Procedure

Evidence 801(d)(2)(E)..........................................................................................................11,12

Federal Rules of Criminal Procedure

Evidence 12(d)........................................................................................................................14

## STATEMENT OF CASE

The defendant, Michael Dubin, is charged in an indictment with charges associated with the distribution of cocaine.

## I.
## MOTION TO COMPEL DISCOVERY

**A.     Defendant is Entitled to Discovery of His Statements**

Pursuant to Rule 16(a)(1)(A), and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and the Fifth and Sixth Amendments to the United States Constitution, MICHAEL DUBIN requests the disclosure of all statements, written, oral and recorded, made by him, which are in the possession, custody, or control of the government, or which by the exercise of due diligence may become known to the government, regardless of to whom the statements were made.

This request includes verbatim transcripts of all statements as well as the substance of all oral statements made by MICHAEL DUBIN to government agents and other persons.

This includes all rough notes of government agents which include statements of MICHAEL DUBIN.

This request includes all Federal Agencies and any local associated agency, and other government reports and rough notes containing the above-mentioned statements; all recorded statements taken from MICHAEL DUBIN regarding the present case; all documentation which contains statements allegedly made by MICHAEL DUBIN.

A defendant has a right to inspect these requested statements. This has been extended to permit discovery of written summaries of the defendant's oral statements contained in handwritten notes of government agents. See <u>United States v. Johnson</u>, 525 F.2d 999 (2d Cir. 1975); <u>Loux v. United states v. Bailleaux</u>, 685 F.2d 1105 (9th Cir. 1982).

**B.    The Defendant is Entitled to Disclosure of Any Prior Convictions or Prior Similar Acts**

Fed.R.Crim.P. 16(a)(1)(B) provides that upon request of the defendant, the government shall furnish to the defendant a copy of his prior criminal record, if any, as is within the possession, custody, or control of the government. MICHAEL DUBIN makes this request.

The defendant also requests that the government provide discovery of any prior similar acts which the government will intend to introduce into evidence pursuant to Fed.R.Evid. 404(b). The defendant must have access to this information in order to make appropriate motions to exclude the use of such evidence at trial. See <u>United States v. Cook</u>, 609 F.2d 1174 (9th Cir. 1985).

The defendant requests a pre-trial conference on the morning of the trial in order to resolve any issues raised by the government's intention to introduce such evidence.

**C.    The Defendant is Entitled to Examine any Documents, Tangible Items, and the Like Which are in the Possession, Custody, or Control of the Government**

Pursuant to Fed.R.Crim.P. 16(a)(1)(C) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the defendant requests the opportunity to inspect and copy all books, papers, documents, photographs, and tangible items which are in the possession, custody, or control of the government and which are material to the preparation of the defense intended for use by the government as evidence in the case in chief. The defendant further makes these requests pursuant to <u>Brady v. Maryland</u> on the ground that this evidence provides exculpatory information that is beneficial to the defendant in his defense against the charges against him in the indictment.

This request encompasses all such information in the possession of any federal, state or local agency which has information regarding the investigation of this Defendant.

This request includes but is not limited to the following: all search warrants and their accompanying affidavits, as well as the opportunity to inspect the results of all searches conducted by law enforcement officers pursuant to warrants and their accompanying affidavits, as well as the opportunity to inspect the results of all searches conducted by law enforcement officers pursuant to warrants and/or otherwise (this request includes the searches of all residences, businesses, automobiles, and other locations regarding this case); all tape recorded conversations, closed circuit television surveillance, ground/air surveillance of suspects, telephone toll analysis, bank records and financial documents involving this case. This request also includes the results of all follow-up investigations regarding the above-requested evidence. These requests are made pursuant to Fed.R.Crim.P. 16 and Brady v. Maryland, 373 U.S. 83 (1963).

**D.      Due Process Exculpatory Information**

Pursuant to Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972), and the Fifth and Sixth Amendments to the United States Constitution, MICHAEL DUBIN requests disclosure of all information of whatever form, source or nature which tends to exculpate him by indicating his innocence, contradicting the Government's theory of the case, and impeaching the credibility of potential government witnesses. This request specifically includes all co-conspirator statements, indicted and unindicted, all third party witness statements interviewed by government agents and/or of which the government has custody, dominion or control. This request includes all recorded conversations, electronic, mechanical, stenographic or otherwise, of all co-conspirators, indicted and unindicted, all defendants, and all potential witnesses which statements are relevant to the subject matter charged in the indictment and are in the possession, custody or

control of the government. It also includes such statements within the meaning of Title 18 U.S.C. Section 3504.

MICHAEL DUBIN requests the government provide all statements made by all potential witnesses. The term "statements" as used in this request includes tape-recorded conversations, rough notes, correspondence, memoranda or reports prepared directly by such persons and/or by any government agents (of any government entity) or attorneys. It includes all Grand Jury testimony, as well as previous in-court and trial testimony. It includes all government debriefings of all potential witnesses. If such statements were prepared orally to any government agent, MICHAEL DUBIN requests that they be committed to writing and produced forthwith.

MICHAEL DUBIN requests access to prior testimony of all government witnesses. Two (2) statutory provisions and one (1) major constitutional provision must be considered in resolving any questions involving compelled disclosure of government witness statements. First, the Jencks Act, 18 U.S.C. Section 3500, regulates disclosure of witness statements, as defined by the Act, and prohibits any order requiring production prior to the completion of direct examination of the witness. Second, Rule 16(a)(2) excepts from the operation of the general discovery provisions of Rule 16 those reports, memoranda and internal government documents generated during the course of an investigation into the case, except as provided in the Jencks Act. The Rule does not prohibit the disclosure of such items, but states, merely, that it does not authorize them. Third, an overriding principle requires the government to disclose all exculpatory material in its possession. See Brady v. Maryland, 373 U.S. 83 (1963). MICHAEL DUBIN makes his request under all three provisions. Although the Jencks Act and the Federal Rules may act as limitations on the time at which access to discoverable material may be had, neither statutory provision can limit the constitutional requirement of disclosure of exculpatory material under Brady. In fact, although there has been

some dispute on the point, it is now clear that the <u>Jencks Act</u> was not meant as a limitation on the scope of discovery to which a defendant is entitled, as expressed in <u>Jencks v. United States</u>, 353 U.S. 657 (1957), but rather a reaffirmation of the essential nature of that discovery:

> "That the Act was not intended to limit the <u>Jencks</u> decision is apparent from its legislative history. Rather than limit, the Act `reaffirms' (<u>Jencks</u>) in its holding that a defendant on trial in a criminal prosecution is entitled to relevant and competent reports and statements in possession of the government touching the events and activities as to which a government witness has testified at trial."

See S.Rep.No. 981, 85th Cong., 1st Sess., 3 (1957) <u>U.S. Code Cong & Admin. News</u>, 1957, pp. 1861, 1862.  <u>Goldberg v. United States</u>, 425 U.S. 94, 104 (1976).

With regard to pure <u>Jencks Act</u> material, therefore, the provisions of the Act regulating timing of discovery may control.  However, the Ninth Circuit has indicated in the past the desirability of "encouraging" the government to disclose <u>Jencks Act</u> statements prior to trial.  See <u>United States v. Spagnuolo</u>, 515 F.2d 818, 821 (9th Cir. 1975).  The Act, by its terms, provides for a reasonable defense continuance after the release of <u>Jencks</u> material to prepare for cross-examination.  In this case it is apparent that the length of the "reasonable" continuance, which is directly proportional to the work to be done during that continuance, would be substantial.  Consequently, there could be an inordinate delay interrupting the course of trial if the <u>Jencks Act</u> were strictly followed.  As such, MICHAEL DUBIN requests early production of this material.

Not all statements obtained during the course of the government investigation fall within the parameters of the <u>Jencks Act</u>.  The Act, and Rule 16(b)(2) apply, by their terms only, to persons whom the government does not intend to call as witnesses; such statements are discoverable as <u>Brady</u> material.  See <u>United States v. Marshak</u>, 364 F.Supp.1005, 1007-1008 (S.D.N.Y. 1973).  As

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

- 8 -

to those materials, the Jencks Act time limitations do not apply and discovery should be provided immediately.

In addition, certain comments of government witnesses that have been recorded do not fall within the Jencks Act time limitations, but do fall within Brady. The Jencks Act is quite specific with regard to those materials that are "statements" within the meaning of the Act. These include the following:

1) a written statement made by said witness and signed or otherwise adopted or approved of by him;
2) a stenographic, mechanical, electrical or other recording, or a transcription thereof, which is substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or,
3) a statement, however taken or recorded, or transcription thereof, if any, made by said witness to a grand jury. See 18 U.S.C. Section 3500(e).

With regard to non-Grand Jury materials, the comments of a government witness are only "statements" within the meaning of the Jencks Act if they were approved and acknowledged by the witness or if they are verbatim recitals of the witness' words. Thus, in Goldberg v. United States, 425 U.S. 94, 104 (1976), the Supreme Court made clear that, absent such adoption or verbatim recital, the statements are not discoverable under the Jencks Act. The court reasoned that the government witness should not be impeached by the written or recorded document unless it was accurate or accepted by the witness as accurate. Thus, for example, if a government investigator questioned a witness and merely summarized the witness' testimony, without giving him an opportunity to acknowledge or correct it, the material would not come within the Jencks Act, and would not be discoverable under that theory.

In this case, however, MICHAEL DUBIN wishes to make other use of similar reports. The use to which it will be out in this case requires discovery under Brady. The court in Goldberg was clearly concerned with the use of the statements as impeachment per se. Thus, if under the Jencks

Act, it is not a verbatim or accepted transcription, the witness cannot be impeached by the writing of another.

Clearly, however, the witness may be impeached by the testimony of a government agent which contradicts the witness' testimony. Such a statement from a government investigator would amount to a prior inconsistent statement which would be admissible even if the investigator had made no report. The defense, however, would have no way of knowing of the existence of the interview, and thus the existence of the possible inconsistent or otherwise impeaching testimony from a government investigator, absent disclosure of the agent's report. Consequently, disclosure of those portions of reports or other documents which reveal such inconsistencies, whether or not the report concerned an interview with the witness, are discoverable under Brady. The exclusions of the Jencks Act and Rule 16 are inapplicable.

As part of this request MICHAEL DUBIN also requests the name, address and telephone number of each person the government intends to call as a witness at trial. Additionally, he requests the name, address and telephone number of each person who was present during, or has material information regarding, any act or transaction charged in the indictment, whether or not the government intends to call such a person as a witness at the trial. The request includes a list of all witnesses appearing before the Grand Jury in connection with this case. Advance disclosure of witnesses is essential if MICHAEL DUBIN'S Sixth Amendment right to effective assistance of counsel is to have any real meaning. This request is properly before the court. See United States v. Cadet, 727 F.2d 1453, 1469 (9th Cir. 1984); Wilson v. Rose, 366 F.2d 611 (9th Cir. 1966).

Pursuant to Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972); Davis v. Alaska, 415 U.S. 308 (1974), MICHAEL DUBIN makes the following request for:

1)   All impeaching evidence such as prior records, prior inconsistent statements, evidence for bias, interest, or motive, and prior uncharged bad acts of all the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

- 10 -

potential witnesses in this case;
2) All formal or informal promises to reward a witness, such as promises of probation, promises of monetary gain, payment of living or medical expenses, payment for transportation or promises of witness protection;
3) All information relating to alcohol or drug abuse treatment of all potential witnesses, and all information relating to drug uses of each potential witness;
4) All information relating to the use of aliases or fictitious names by each potential government witness;
5) All information relating to prior acts of all potential witnesses which are probative of his character for untruthfulness within the meaning of Fed.R.Evid. 608(b); and,
6) All information relating to contradictory statements made by all potential government witnesses or agents or representative of any law enforcement entity or other persons.

**E.      MICHAEL DUBIN Requests all Statements made by any Indicted or Unindicted Co-conspirators or Co-defendants**

MICHAEL DUBIN specifically requests all co-conspirators statements, whether recorded or unrecorded, oral or written, signed or unsigned, in the government's possession, which are relevant to this case. This request includes statements: (A) made to government agents, either with or without the individual's knowledge that such persons were government agents at the time he or she made the statement; (B) made to persons other than government agents whom the government intends to call as witnesses in this case; and, (C) made to persons other than government agents whom the government does not intend to call as witnesses in this case.

With regard to any statements claimed to have been made by unindicted co-conspirators and/or co-defendants during the course of, or subsequent to the commission of, the acts charged in the indictment, MICHAEL DUBIN requests disclosure of: (A) the date of each alleged statement; (B) the name, address and telephone number of each person present when the statement was made; (C) whether the statement was memorialized in any manner, including rough notes, memoranda, investigative reports, tape recordings, transcripts or grand jury testimony; and, (D) copies of any such report or memoranda. Statements made by MICHAEL DUBIN's alleged co-conspirators are admissible against him under Rule 801(d)(2)(E) of the Fed.R.Evid., only if certain foundational

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

- 11 -

requirements are satisfied.  See United States v. Weiner, 578 F.2d 757, 768 (9th Cir.), cert. denied, 439 U.S. 981 (1978) (co-conspirator hearsay is admissible only when a foundation is laid to show that the declaration was in furtherance and made during pendency of the conspiracy).

Pre-trial production of all statements which the government intends to introduce under Rule 801(d)(2)(E) will enable counsel to determine in advance whether the applicable foundational requirements have been satisfied and to challenge objectionable statements that were made through an appropriate motion in limine prior to trial.  In this connection, it is important to note that not all statements made by co-conspirators during the course of the conspiracy are admissible under Rule 801(d)(2)(E).  The Ninth Circuit has held, for example, that statements of historical fact, casual admissions to co-conspirators, and other statements which do not advance the common objectives of the conspiracy are inadmissible.  See e.g., United States v. Bibbero, 749 F.2d 581 (9th Cir. 1984); United States v. Fielding, 630 F.2d 1357, 1365 (9th Cir. 1980); United States v. Castillo, 615 F.2d 878, 882, 883 (9th Cir. 1980); United States v. Moore, 522 F.2d 1068, 1075-1077 (9th Cir. 1975), cert. denied, 423 U.S. 1049 (1976).

In addition, the compelling practical considerations favoring pre-trial discovery of co-conspirator's hearsay statements, MICHAEL DUBIN is entitled to this disclosure.  Since co-conspirators are deemed to be agents of the defendant when made in furtherance of the conspiracy, the Jencks Act would not prevent disclosure.  Additionally, since a co-conspirator statement is admissible against the defendant as if it were his or her own, such statements are discoverable under Rule 16(a)(1)(A).  See United States v. Thevis, 84 F.R.D. 47, 50 (N.D.Ga. 1979); United States v. Turkish, 48 P.F. Supp. 874, 882 (S.D.N.Y. 1978).

In addition to his right to discover statements he made and statements of co-conspirators, a defendant is also entitled to discovery of information concerning the circumstances under which

those statements were made. See United States v. Feinberg, 502 F.2d 1180, 1181 (7th Cir. 1974), cert. denied 420 U.S. 926 (1975); United States v. Brighton Building & Maintenance Company, 435 U.S. 222 (N.D. Ill. 1977). In Feinberg, (as further explained in Brighton Building), the Court of Appeals for the Seventh Circuit made clear that regardless of a defendant's entitlement to discover statements he made, the trial court may grant discovery of information concerning the circumstances of those statements. Thus, in Brighton Building, the court ordered disclosure of the name and address of persons to whom statements were made, as well as the date and places of those statements. Feinberg holds that this information does not fall within the Jencks Act and thus is discoverable under Rule 16. See Feinberg, 502 F.2d at 1181.

This request also seeks discovery of any post-conspiracy statements or admissions made by alleged co-conspirators. Early production of these statements is appropriate in order to insure that the requirements of Bruton v. United States, 391 U.S. 123 (1968) are satisfied and to allow counsel to file an appropriate motion for severance, if it becomes relevant.

**F.     Request for Expert Witness Information**

Pursuant to Fed.R.Crim.P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963), MICHAEL DUBIN requests to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments which are within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the government, and which reports are material to the preparation of the defense or intended for use by the government as evidence in their case in chief at trial.

In regards to this expert information, MICHAEL DUBIN requests all rough notes,

///

memoranda, correspondence and reports setting forth the results, whether positive or negative, of all expert analysis conducted during the course of the investigation of this case.

In regards to this request for expert witness information, MICHAEL DUBIN requests all expert analysis regarding fingerprints on any of the seized evidence, scientific analysis of any of the recorded conversations and/or closed circuit television surveillance. In regards to this latter request, MICHAEL DUBIN requests the opportunity to perform his own scientific analysis on all recorded conversations and all closed circuit television surveillance conducted in this case.

**G.  MICHAEL DUBIN is Entitled to Government Disclosure of the Evidence it Intends to Use Against Him at Trial**

Pursuant to Fed.R.Crim.P. 12(d), MICHAEL DUBIN requests that this court order the government to disclose the evidence it intends to use against him at trial. This request includes any evidence which MICHAEL DUBIN may be entitled to under Fed.R.Crim.P. 16 subject to any relevant limitation prescribed by that Rule.

## II.
## LEAVE TO FILE FURTHER MOTIONS

A continuance may be warranted in this matter due to the fact that further discovery is required in order to adequately prepare motions; at this date little discovery has been provided. Accordingly, defendant prays for leave to file further motions should such motions be warranted.

                      Respectfully submitted,

DATE: May 15, 2008          /*s/ John R. Fielding, Jr.*
                      John R. Fielding, Jr.
                      Attorney for Defendant